**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 5, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP1104**

Cir. Ct. No.  **2023TR7531**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

DEVRON MICHAEL GREEN,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Winnebago County: TERESA S. BASILIERE, Judge. *Affirmed in part, reversed in part*.

¶1    NEUBAUER, J.[1]  Devron Michael Green appeals from a judgment entered after he pled guilty to one count of operating while intoxicated (OWI),

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

first offense, contrary to WIS. STAT. § 346.63(1)(a). As part of the sentence imposed pursuant to the plea, the circuit court ordered that an ignition interlock device (IID) be installed on Green's automobile. Green contends that the court erred in ordering the IID because the State did not establish any of the criteria under WIS. STAT. § 343.301(1g)(a) for which an IID may be ordered. For the reasons that follow, this court agrees with Green and thus reverses that portion of the judgment imposing the IID. Because Green raises no other challenge to the judgment, it is affirmed in all other respects.

¶2 The relevant facts are brief and undisputed. In August 2023, Green was cited for OWI, operating with a restricted controlled substance, and refusing to submit to a blood test. Green pled not guilty, demanded a jury trial, and requested a hearing on the refusal citation. At a pretrial conference in May 2024, the parties informed the circuit court that they had reached an agreement under which Green would plead guilty to OWI and his license would be suspended for six months. In addition, the State agreed to dismiss charges of operating with a restricted controlled substance and refusing to submit to a blood test, and the parties would be "free to argue regarding the installation of the interlock device."

¶3 The circuit court accepted the plea and heard argument on the IID. The State argued that the IID should be ordered even though the refusal charge was being dismissed because an affidavit from the arresting officer established that Green had in fact refused to consent to a blood test. Green did not dispute the contents of the affidavit but argued that the dismissal of the refusal citation deprived the court of authority to order the IID. The court rejected Green's argument, stated that "there was a refusal here," and ordered that an IID be installed for twelve months.

¶4      On appeal, Green renews his argument that the circuit court lacked authority under WIS. STAT. § 343.301(1g)(a) to order the IID.  His argument turns on the proper interpretation and application of the statute's text to the facts presented.  This presents a question of law that this court reviews de novo.  ***Bank Mut. v. S.J. Boyer Constr., Inc.***, 2010 WI 74, ¶21, 326 Wis. 2d 521, 785 N.W.2d 462.

¶5      WISCONSIN STAT. § 343.301 governs the installation of IIDs.  Under that statute, "[a] court shall enter an order" restricting an individual's driving privileges to vehicles equipped with an IID if the individual "improperly refused to take a test under [WIS. STAT. §] 343.305."  Sec. 343.301(1g)(a)1.[2]  Green argues that the IID order must be reversed because the circuit court did not find that he had improperly refused a test under § 343.305.  He contends that the court did not make a "proper determination" that he had improperly refused a test because it dismissed the refusal charge "without any further inquiry into whether Mr. Green improperly refused the chemical test."  Absent such a determination, Green argues, the court could not order the IID.

¶6      In response, the State contends that WIS. STAT. § 343.301(1g) does not establish a "quantum of evidence or procedural requirements necessary to sustain" a determination that there was an improper refusal.  The State relies on the affidavit prepared by the arresting officer to obtain a search warrant for a blood

---

[2] An IID order is also required if an individual violates certain statutes related to the operation of a vehicle while intoxicated and either (1) "had an alcohol concentration of 0.15 or more at the time of the offense" or (2) "has … one or more prior convictions, suspensions, or revocations, counting convictions under [WIS. STAT. §§] 940.09(1) and 940.25 in the person's lifetime and other convictions, suspensions, and revocations counted under [WIS. STAT. §] 343.307(1)."  WIS. STAT. § 343.301(1g)(a)2.a.-b.  The State does not argue that Green satisfies these conditions.

sample. In the affidavit, the officer wrote that an individual had reported a vehicle swerving, nearly striking her, and then pulling over to the side of the interstate. The officer also averred that Green smelled of alcohol, had bloodshot eyes, and exhibited multiple clues on field sobriety tests. Finally, the officer indicated that the "Informing the Accused" form had been read to Green and that he "refused to submit to the blood test requested by the police officer." The State argues that the affidavit, along with the prosecutor's remarks at the pretrial hearing, are sufficient to establish an improper refusal.

¶7 This court begins, as it must, with the relevant statutory text. *See* ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. This court must interpret that text "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶8 As noted above, WIS. STAT. § 343.301(1g)(a)1. provides for the entry of an IID order if a "person improperly refused to take a test under [WIS. STAT. §] 343.305." Though this statutory provision does not specify any particular hearing, burden of proof, or other procedural requirements that must precede a determination that a person has "improperly refused to take a test," it does specify that the improper refusal must be "under [§] 343.305." This reference to § 343.305 is significant because it indicates that an improper refusal as determined "under" that statute will support an IID order.

¶9 Subsection (9) of WIS. STAT. § 343.305 addresses refusals and sets out the process that is to be followed if a person refuses to take a test. Initially, the person must be issued a notice of intent to revoke his or her operating privileges.

Sec. 343.305(9)(a). The notice must inform the person, among other things, that he or she "may request a hearing on the revocation within 10 days" and that the hearing will be limited to three issues: (1) whether the officer had probable cause to suspect intoxicated driving; (2) whether the officer read the Informing the Accused form; and (3) whether the person refused the test. Sec. 343.305(9)(a)4.-5.a.-c. If the officer informs the appropriate court of the person's refusal, "the court shall be prepared to hold any requested hearing to determine if the refusal was proper." Sec. 343.305(9)(c). Within five days after the hearing, the court must determine the three issues, and if all three are determined adversely to the person, it "shall proceed under sub. (10)." Sec. 343.305(9)(d). Subsection (10) provides that "[i]f the court determines *under sub. (9)(d) that a person improperly refused to take a test*," the court must revoke the person's operating privileges in accordance with subsection (10). Sec. 343.305(10)(a) (emphasis added). An IID order may be imposed in connection with the revocation. Sec. 343.305(10m) ("The requirements and procedures for installation of an ignition interlock device under [§] 343.301 apply when an operating privilege is revoked under sub. (10).").

¶10 Reading these provisions in WIS. STAT. §§ 343.301 and 343.305 together, this court concludes that where, as here, a person requests a refusal hearing, an IID order may be imposed under § 343.301(1g)(a)1. if a court holds the refusal hearing and makes the three determinations in § 343.305(9)(a)5.a.-c. adverse to the person. If those adverse determinations are made, the person is considered to have "improperly refused" the test. This interpretation of § 343.301(1g)(a)1. gives effect to its terms, is consistent with the terms of § 343.305, and is a reasonable reading of the statutory language.

¶11 Applying this interpretation of WIS. STAT. § 343.301(1g)(a)1. here, this court concludes that the circuit court's imposition of an IID order was not

5

proper under the statute. To begin, the court did not hold a refusal hearing under WIS. STAT. § 343.305 before ordering the IID. No such hearing was held because the State agreed to dismiss the refusal citation. Instead, the court ordered the IID at the conclusion of a brief pretrial hearing at which it heard no testimony and did not make all three determinations required under § 343.305(9)(a)5.a.-c. Though the court did conclude that Green had refused to consent to a blood test, this by itself is not sufficient to sustain the IID order.

¶12    The State suggests that different procedures may be sufficient to sustain an IID order, such as a stipulation to the three factual predicates for an improper refusal.[3] Alternately, a court may also make the required factual determinations even though it ultimately exercises its discretion to dismiss the improper refusal charge. *See State v. Brooks*, 113 Wis. 2d 347, 348-49, 335 N.W.2d 354 (1983) (holding that circuit courts have discretion to dismiss an improper refusal charge where a defendant pleads guilty to an associated OWI charge and has timely requested a refusal hearing). Neither scenario describes what occurred in this case. Green did not stipulate to the factual predicates and, as noted above, the circuit court did make all of the required determinations. Accordingly, this court need not address whether those alternatives would provide a basis for upholding the IID order.

*By the Court.*—Judgment affirmed in part, reversed in part.

---

[3] The State relies on this court's unpublished opinion in *City of Wausau v. Fischer*, No. 2020AP60, unpublished slip op. (WI App Aug. 31, 2021). This court is not obliged to address unpublished opinions and thus does not discuss it further. *See* WIS. STAT. RULE 809.23(3)(b).

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.